# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HARVEY DAY, FRANK SPRING, MARTHA
FIEDLER SPRING and STATE FARM
FIRE AND CASUALTY COMPANY,

      Plaintiffs,

  vs.                                                                    CIVIL NO. 97-1003 PJK/RLP

U.S. INTEC, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the Court on the Defendant U.S. Intec, Inc.,'s Motion to Exclude or to Compel Expert Testimony of Raymond Hensley, P.E. and for Sanctions **(Docket No. 27),** the Court having read said motion, the memoranda in support of and in opposition to said motion, and otherwise being fully advised finds that the motion shall be **granted in part and denied in part.**

The defendant requests exclusion of the expert testimony of Raymond Hensley, P.E., plaintiffs' disclosed expert witness, pursuant to Fed.R.Civ.P. 37(c)(1). Alternately, the defendant requests that the plaintiffs be required to make appropriate disclosures pursuant to Fed.R.Civ.P. 26(a)(2)(B) and for appropriate sanctions.

Plaintiffs' counsel submitted Mr. Hensley's report in a timely fashion. However, the defendant complains the report does not comply with Fed.R.Civ.P. 26(a)(2)(B). Rule 26 requires the following data in an expert report:

> "[1]. . .a complete statement of all opinions to be expressed and the basis and reasons therefor;

> [2] the data or other information considered by the witness in forming the opinion;
>
> [3] any exhibits to be used as a summary of or support for the opinions;
>
> [4] the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;
>
> [5] the compensation to be paid for the study and testimony;
>
> [6]. . .a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."
>
> Fed.R.Civ.P. 26 (a)(2)(B).

I have reviewed Mr. Hensley's expert report dated November 24, 1997, attached to the brief in support of defendant's motion. I find that the report adequately states Mr. Hensley's opinions. He states it was evident to him "the fire originated above ground level." He further states, "it is my opinion that the method of roof installation and the materials used were the principal causes of the fire." Although these opinions are not extensively stated, it is often common for the ultimate opinions of an expert witness to be brief. Further, the basis for these opinions are also adequately stated. Mr. Hensley indicates that, "two elements of my inspection led me to this conclusion." He thereafter outlines these elements. Therefore, it is this Court's conclusion that Mr. Hensley adequately met the first requirement for an expert report.

Secondly, the Court concludes Mr. Hensley adequately outlined the data or other information considered by him in forming his opinion. He states he reviewed the preliminary draft report of Mr. Jim Koontz and reviewed his own file. He also indicates he visited the site after the fire. As a basis for his conclusion, he also outlines some of the things that he observed. Therefore, even though the data is not extensively set forth, it does meet the requirements of Rule 26.

The third requirement for an expert report is that the expert provide any exhibits he or she intends to use as a summary of, or in support for his or her opinions. No such exhibits were provided with Mr. Hensley's report. Therefore, the Court concludes Mr. Hensley will not use exhibits to be used as a summary of, or in support of his opinions. If there are no such exhibits, no such exhibits need to be disclosed. The final three requirements of Rule 26(a)(2)(B) were clearly not complied with by the plaintiffs. Mr. Hensley's qualifications as a witness, including a list of all of the publications authored by him within the preceding ten years, were not provided. Further, the plaintiff did not provide information regarding the compensation to be paid Mr. Hensley for the study. Lastly, no listing was provided of other cases in which Mr. Hensley has testified as an expert at trial or by deposition in the preceding four years.[1]

With the above in mind, the Court is faced with a decision as to whether to exclude the testimony of an expert witness because the expert witnesses report did not comply with Rule 26 in part. The Tenth Circuit has not yet ruled on this issue. However, the Tenth Circuit has ruled that if a witness is not timely disclosed pursuant to Fed.R.Civ.P. 37(c)(1), the late disclosing party can nevertheless use the witness at the time of trial if barring this witness from testifying "results in fundamental unfairness in the trial of the case". *Orjias v. Stevenson,* 31 F.3d 995, 1005 (10th Cir. 1994). In this case the first three requirements of Rule 26 were met. However, the last three requirements focusing on information about an expert's qualifications were not submitted in a timely fashion. The purpose of requiring these disclosures is to avoid the taking of unnecessary depositions and to streamline expert depositions. After reviewing the partial compliance by the plaintiff in

---

[1] All of this information was provided as Exhibit 2 to Plaintiffs' Brief in Opposition to Defendant U.S. Intec, Inc.'s Motion to Compel or to Exclude Expert Testimony of Raymond Hensley, P.E. and for Sanctions.

providing an expert report pursuant to Rule 26, under the circumstances of this case, the Court concludes that barring Mr. Hensley as an expert would result in fundamental unfairness in the trial of this case. Therefore, the Defendant's Motion to Exclude the Expert Testimony of Raymond Hensley, P.E. is denied.

As previously discussed, the defendant has alternately requested sanctions because this information was provided late. Further, the motion resulted in this information being provided to the defendant. Therefore, some measure of sanction is appropriate. The plaintiffs are to immediately make Mr. Hensely available for deposition and to pay Mr. Hensley's expert witness fee related to the taking of his deposition.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Exclude or to Compel the Expert Testimony of  Raymond Hensley, P.E. is denied insofar as the motion seeks to exclude Mr. Hensley's testimony.

**IT IS FURTHER ORDERED** that the plaintiffs' counsel shall confer with defendant's counsel within 10 days of the date of this order and make Mr. Hensely available for deposition within 30 days. Plaintiffs shall bear the expert witness fee for the taking of Mr. Hensely's deposition.

**IT IS SO ORDERED.**

**Dated this 1st day of April, 1998.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge