IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARVEY DAY, FRANK SPRING,
MARTHA FIELDER SPRING and
STATE FARM FIRE AND
CASUALTY COMPANY,

      Plaintiffs,

vs.

U.S. INTEC, INC.,

      Defendant.

No. 97-1003 PK/RLP

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant U.S. Intec, Inc.'s Motion for Summary Judgment on Plaintiffs' Claims for Failure to Warn, Breach of Warranties, and Unfair Trade Practices filed April 13, 1998 (doc. 35), and the court, being fully advised in the premises, finds that the motion should be granted on the breach of express warranty claim contained in count II, and the Unfair Trade Practices Act claim contained in count IV of the complaint.[1]

Plaintiffs assert a variety of claims arising out of a July 1993 fire that damaged a partially completed residence in Albuquerque.  Plaintiffs allege that

---

[1] Plaintiffs concede the Unfair Trade Practices Act claim.  See Plaintiffs' Response to Defendant's Motion for Summary Judgment filed April 13, 1998, at 5-6 (doc. 37).

the fire resulted from the installation of Defendant's modified bitumen roofing product. As part of the installation process, the roofing contractor used a torch to heat the modified bitumen membrane that was applied to fiberglass sheeting placed over the roof. The roofing contractor maintained a fire watch for about an hour, but according to the Plaintiffs, what began as an invisible slow burn of adjacent materials developed into a free burn several hours later, destroying the residence. It is uncontroverted that at the time the roofing contractor purchased the product, the only factor he considered was the price. Guthrie aff. ¶ 5, exh. A to Brief in Support of Defendant U.S. Intec, Inc.'s Motion for Summary Judgment filed April 13, 1998 (doc. 36).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An important function of summary judgment is to eliminate factually unsupported claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The nonmovants may not rest upon their pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Once the movant has identified an element of a claim that the nonmovant cannot prove, all other factual disputes concerning the claim become immaterial and summary judgment is properly entered. See Celotex, 477 U.S. at 322-23. The summary

- 2 -

judgment material relied upon by the nonmovants is viewed in the light most favorable to them, but that material must contain significantly probative evidence that would allow a trier of fact to find in their favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

Applying these standards, summary judgment in favor of Defendant is appropriate on the breach of express warranty claims, see N.M. Stat. Ann. § 55-2-313 (1993 Repl. Pamp.).  Express warranties can take many forms such as an affirmation of fact or promise, description, or sample or model that is "part of the basis of the bargain."  Id. § 55-2-313(1)(a)-(c).  On summary judgment, however, the Plaintiff cannot rest upon its allegations in the complaint that the roofing system "did not meet written promises or guarantees," and "did not conform to promises or affirmations of fact contained in Defendant intec's literature."  Complaint ¶ 22 (attached to Notice of Removal filed July 29, 1997 as exh. 1 (doc. 1)).  Plaintiffs concede that they are unable "to determine the precise nature of the express warranties," as they lack any copies of express warranties, and seek an unspecified amount of additional time to determine whether any express warranties were made.  Plaintiffs' Response to Defendant's Motion for Summary Judgment filed April 13, 1998 at 5 (doc. 37).  Neither of the roofing contractor's affidavits submitted by the parties shed any light upon any express warranties that may have been provided, let alone breached.

At a minimum, Plaintiffs must identify the specific warranties.  See

- 3 -

Spectron Dev. Lab. v. American Hollow Boring Co., 936 P.2d 852, 860-61 (N.M.

Ct. App. 1997).  Plaintiffs have not moved for additional time in accordance with

Fed. R. Civ. P. 56(f), explaining why adequate discovery has not been completed.

See International Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc., 52

F.3d 901, 905 (10th Cir. 1995).  Accordingly, summary judgment on the express

warranty claim is appropriate.

The remainder of the claims will require the taking of evidence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that

Defendant U.S. Intec, Inc.'s Motion for Summary Judgment on Plaintiffs' Claims

for Failure to Warn, Breach of Warranties, and Unfair Trade Practices filed April

13, 1998 (doc. 35), is granted on Plaintiffs' breach of express warranty claim and

Unfair Trade Practices Act claim.  In all other respects, the motion is denied,

including the request for attorney's fees and costs incurred in defending this

action.

DATED this  30th  day of April, 1998 at Santa Fe, New Mexico.


_Paul Kelly Jr._
_____
United States Circuit Judge
Sitting by Designation


Counsel:

David M. Berlin, Duhigg, Cronin, Spring & Berlin, P.A., Albuquerque, New
Mexico for Plaintiffs Harvey Day, Frank Spring and Martha Fielder Spring.

- 4 -

Ronald W. Henkel, Henkel & Sloan, P.C., Albuquerque, New Mexico, for Plaintiff State Farm Fire and Casualty Co.

R. Alfred Walker, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico for Defendant.